UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————

№ 25-CV-1601 (RER)
————————————

Liwu Miao

versus

Kristi Noem, *et al.*
————————

**MEMORANDUM & ORDER**
————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Liwu Miao ("Plaintiff") seeks to compel U.S. Citizenship and Immigration Services and its officers ("USCIS" or "Defendants") to schedule his asylum interview after nearly eight years since Plaintiff submitted his I-589 application for Asylum and Withholding of Removal. After Plaintiff filed this action, however, USCIS notified Plaintiff that an asylum interview was scheduled for May 28, 2025. Based on the scheduled interview, the Court ordered Plaintiff to show cause by July 15, 2025, why the matter should not be dismissed as moot. Plaintiff did not respond by the deadline. Since the notice of interview provides Plaintiff with all the relief that he seeks and is entitled to, the Court finds that this case is moot and not within the Court's subject matter jurisdiction. The complaint is therefore dismissed.

## **BACKGROUND**

Plaintiff is a citizen of China, living in New York, who filed an I-589 application for asylum and withholding of removal dated June 27, 2017. (Complaint, ECF No. 1 ("Compl.") at 2–3.) On May 22, 2023, Plaintiff's immigration attorney sent a request to the New York Asylum Office ("Asylum Office") to include Plaintiff's two minor children in his application. (*Id*. at 3.) The Asylum Office acknowledged receipt, but Plaintiff did not receive an interview date. (*Id*. at 3, 10–12.) Plaintiff then filed a complaint on March 21, 2025, for a Writ of Mandamus directing USCIS to conduct Plaintiff's asylum interview. (*See generally* Compl.) On June 20, 2025, Defendants filed a premotion conference letter informing the Court that Plaintiff's asylum interview had been scheduled to occur on May 28, 2025, and that notice was given on May 8, 2025. (Premotion Conf. Letter, Ex. A, ECF No. 9-1.) On June 24, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause by July 15, 2025, for why the case should not be dismissed as moot. (Order to Show Cause, ECF Order dated 06/24/2025.) (citing *Ye v. Kelly*, No. 17-CV-3010 (BMC), 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017)). That Order also informed Plaintiff that "failure to respond by 7/15/2025 will likely result in the dismissal of this action as moot." (*Id*.) As of this Order's date, Plaintiff has not filed a response to the Order to Show Cause.

## **DISCUSSION**

The Mandamus Act authorizes a court to compel an agency to perform its peremptory duty. *Ye*, 2017 WL 2804932, at *1. A court may also compel an agency to act when it has "unlawfully withheld or unreasonably delayed adjudication." *Id*.; 5 U.S.C. 706(1). For a federal court to grant such relief, it must have jurisdiction over the case. *Fox v. Bd. of Tr. of State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir. 1994) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) and *Liner v. Jafco, Inc.*, 375 U.S. 301, 306, n.3 (1964)). Where there is no active "case or controversy" as required by Article III of the Constitution, the matter is moot, and a district court lacks jurisdiction. *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) ("When the issues in dispute between the parties are no longer live, a case becomes moot, and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *Russman v. Board of Educ.*, 260 F.3d 114, 118–19 (2d Cir. 2001)) (cleaned up). Further, when "it is impossible for a court to grant any effectual relief…to the prevailing party," the controversy is moot. *Tu v. Mayorkas*, No. 23-CV-3137 (PKC), 2024 WL 2111551, at *2 (E.D.N.Y. May 10, 2024) (quoting *Chevron Corp. v. Donzinger*, 833 F.3d 74, 124 (2d Cir. 2016)).

A mandamus action to compel an agency to perform "becomes moot when the official performs the act." *Sadiku v. Dep't of Homeland Sec.*, No. 20-CV-3241 (RPK), 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022) (citing *Barrett v. United States*, 105 F.3d 793, 794–95 (2d Cir. 1996)). In this district, noticing a plaintiff of an interview for an immigration application routinely constitutes agency action that renders the case moot. *See, e.g.,*

3

*Long v. Garland*, No. 22-CV-6652 (EK), 2023 WL 6930674, at *1 (E.D.N.Y. Oct. 19, 2023); *Bian v. USCIS Office of the General Counsel*, No. 22-CV-04332 (HG), 2022 WL 4587742, at *1 (E.D.N.Y. Sept. 29, 2022); *Yusupov v. Mayorkas*, No. 21-CV-4066 (EK), 2021 WL 6105720, at *1 (E.D.N.Y. Dec. 23, 2021).

Here, USCIS acted by sending Plaintiff an asylum interview notice on May 8, 2025. (ECF No. 9-1.) The Court ordered Plaintiff to show cause why this case should not be dismissed as moot, but Plaintiff failed to do so. (ECF Order dated 06/24/2025.) Defendants have therefore provided the relief that Plaintiff sought and the maximum relief that he could have received. Plaintiff's claim is thus moot. *Ye*, 2017 WL 2804932, at *2.

## **CONCLUSION**

For the reasons set forth above, the Court finds this complaint moot. Accordingly, this case is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ RAMÓN E. REYES, JR.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 17, 2025
      Brooklyn, NY